# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,           )
                                    )   Case No. 2:11-cr-00421-KJD-PAL
                  Plaintiff,        )
                                    )   **ORDER**
vs.                                 )
                                    )   (Mtn for CHS Identity - Dkt. #60)
KEVIN FOREST, et al.,               )
                                    )
                  Defendants.       )
_____)

This matter is before the court on Defendant Alison McLeod's Motion to Disclose the Identity and Location of Confidential Informants and for Production of Confidential Informants for Interview (Dkt. #60) filed February 12, 2013. The court has considered the Motion, Defendant Debra McLeod's Joinder (Dkt. #63); Defendant Kevin Forest's Joinder (Dkt. #68) filed February 27, 2013; the government's Opposition (Dkt. #72) filed February 28, 2013; and McLeod's Reply (Dkt. #74) filed March 5, 2013.

## **BACKGROUND**

On December 6, 2011, a federal grand jury in Las Vegas, Nevada, returned an Indictment against Defendants Alison McLeod, Kevin Forest, and Debra McLeod, charging each Defendant with conspiracy to manufacture a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii); manufacture of a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2; and three counts of possession of a controlled with intent to distribute and aiding and abetting in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. The Indictment also contains four forfeiture allegations against the Defendants. The Defendants are alleged to have run a large marijuana grow operation at a residence located at 5926

///

Calverts Street in Las Vegas, Nevada. Each Defendant made an initial appearance and entered not guilty pleas on December 21, 2011. *See* Minutes of Proceedings (Dkt. #26).

## DISCUSSION

**I.     The Parties' Positions.**

McLeod seeks an order requiring the government to promptly disclose: (a) the identities and locations of the two confidential informants used by the government to obtain the search warrants for her home and subsequent Indictment;[1] and (b) all exculpatory and/or impeachment information about the informants. Specifically, McLeod requests the name, address, date of birth, telephone number, and Social Security number for each informant and specific categories of information outlined in her motion. McLeod also requests an order directing the government to produce each informant so that defense counsel may interview them. McLeod argues that "[g]iven the circumstances surrounding her arrest and the potentially severe penalties at issue, McLeod is exploring potential defenses . . . and believes information about the informants will be paramount in such preparation." Motion at 2:22-25.

McLeod contends the disclosure of the informants' identities is necessary because the "facts of this case suggest that Ms. McLeod may have multiple defenses based on biased information provided by" the informants. Motion at 6:8-10. Specifically, defense counsel "strongly suspects" that one or both informants used by the government may have had "ulterior motives" for providing information to LVMPD Narcotics Office. Motion at 6:15-17. McLeod believes one of the informants may have spoken with her about the acts and allegations alleged to have been "vital to the operation," and that one of them may be former friends of co-Defendant Forest. She asserts that the information about the informants is critical to a motion to suppress that will be filed in this case.

She argues that the factors enumerated by the United States Supreme Court in *Roviaro v. United States,* 353 U.S. 53, 60-61 (1957), and the Ninth Circuit in *United States v. Gonzalo-Beltran*, 915 F.2d 487, 488-89 (9th Cir. 1990), all weigh in favor of disclosure of the informants' identities. No safety concern weighs against disclosure. McLeod is currently at liberty pending trial on Pretrial Services'

---

[1] McLeod's Motion refers to these two individuals as confidential informants. The police reports and search warrants attached to the government's Opposition refer to them as Sources of Information ("SOIs").

2

supervision, and she presents no danger to the informant. The only firearm seized from the Defendants' residence belonged to Defendant Debra McLeod. Defense counsel argues that any danger could be mitigated by issuing a protective order precluding counsel from sharing the informants' identities with any other person, including his client. In addition, McLeod is not charged with any crime of violence in the Indictment.

Other relevant factors also favor disclosure. Providing McLeod with information about the informants decreases the risk of the informants providing false testimony at trial and allows for "meaningful cross-examination" by defense counsel. Motion at 7:1-2. Prompt disclosure of the informants' identities "may also help Ms. McLeod in securing exculpatory evidence and may even allow her to secure" the informants' testimony. Motion at 7:2-4. McLeod also requests the court direct the government to produce the informants for an interview by defense counsel pursuant to the Ninth Circuit's opinion in *United States v. LaRizza* and *United States v. Hart. See* 72 F.3d 775, 779 (9th Cir. 1995); 546 F.2d 798, 798-99 (9th Cir. 1976) (en banc).

McLeod also seeks an order directing the government to disclose specific information related to the informants' credibility as listed at pages ten and eleven of the Motion pursuant to the U.S. Supreme Court's decision in *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States,* 405 U.S. 150, 153-55 (1972). She asserts that she "may elect to pursue a defense of entrapment, coercion, or some similar legal theory emphasizing her lack of culpability" as demonstrated through her limited interactions with the informants. Motion at 9:17-19. Defendant Kevin Forest's Joinder (Dkt. #68) does not add any additional argument to the Motion. Defendant Debra McLeod's Joinder (Dkt. #63) asserts that one or both informants may have had interactions with the Defendants which may be exculpatory, and evidence of bias or motive of the informants are important to her preparation of this case.

The government opposes the Motion based on the nature of the informants' involvement in this case, as set forth in the affidavits in support of search warrants attached to the Opposition as Exhibits 1 and 2. On October 5, 2011, a Source of Information ("SOI") informed the Las Vegas Metropolitan Police Department ("LVMPD") Narcotics Office that suspected illegal activities were afoot at 5926 Calverts Street, Las Vegas, Nevada. According to the government, the SOI "occupied a residence near the 5926 Calverts Street residence." Opposition at 2:6-8. The SOI reported to LVMPD that s/he had

observed equipment being brought into the Calverts Street home to grow marijuana, and modifications were being to the home, including adding extra duct work, putting holes in the garage, installing an irrigation system and an outdoor camera system. Additionally, the SOI reported that the new tenant had moved in with her daughter six months prior.

On October 17, 2011, a second SOI reported to LVMPD Narcotics Office that the residents of 5926 Calverts Street were growing marijuana because s/he had personally assisted in acquiring additional air conditioning units and installing metal duct ventilation in the Calverts Street residence's detached garage, which in the second SOI's experience was often used in marijuana cultivation operations. Furthermore, the second SOI told LVMPD that the residents at the Calverts Street home "had access to" someone named Kevin, who had electrical experience, and could help the residents set up the equipment to grow marijuana.

LVMPD began an investigation, and LVMPD Detectives Splinter and Bachman and DEA Special Agent Behar conducted surveillance at the Calverts Street residence on October 18, 2011. They compared the current Calverts Street residents' power consumption with the former residents' usage, they ran searches of Debra and Alison McLeod's criminal history, and conducted records searches with the DMV, LVMPD Firearms, and the State of Nevada Department of Health. On October 26, 2011, LVMPD Detective James Murray drafted a search warrant for the use of Forward Looking Infrared Radar ("FLIR") on the Calverts Street residence, which was granted by a Nevada state court judge. On November 3, 2011, a helicopter equipped with FLIR conducted surveillance of the Calverts Street residence. The FLIR images showed the main door, side entry door, air conditioning units on the south wall, roof, and bottom of the walls near the cement pad of the home's detached garage radiated heat. Detectives Splinter and Bachman and SA Behar conducted surveillance again on November 3, 2011. On November 7, 2011, a Nevada state court judge issued a search warrant for the Calverts Street home, authorizing a night time search clause. LVMPD SWAT executed the warrant at 10:15 p.m. that same day and located, seized, and eradicated a marijuana grow operation inside the house.

The government asserts that the Defendants are not entitled to disclosure of the informants' identities or information regarding their backgrounds because Defendants have not met their burden to justify disclosure. Instead, the Motion speculates that the informants' identities may be relevant to an

1 unspecified potential defense. The Defendants have not shown how disclosure of the SOIs' identities
2 will be relevant and helpful to their defenses, nor have they alleged any facts to show disclosure would
3 be essential to a fair determination of their cases. The informants were not involved in or percipient
4 witnesses to the crimes charged in the Indictment. Rather, they are citizens who provided information
5 to law enforcement officers which initiated an investigation. Additionally, the Defendants are not
6 entitled to the disclosure of the informants' identities where the informant is only used to establish
7 probable cause for a search warrant. All of the information provided by the informants in this case is
8 contained in the affidavits in support of the search warrants, attached as Exhibits to the government's
9 Opposition. The government does not intend to call either informant in its case-in-chief at trial.
10 Finally, the government has a strong interest in protecting informants who are "regular citizens who do
11 not deserve their privacy invaded" because they provided information to law enforcement. Opposition
12 at 8:2-3.

McLeod replies that she believes the search warrants issued for her home and the subsequent Indictment were the result of information provided by the undisclosed informants. Because of the nature and specificity of the information the informants provided, McLeod argues it is clear both informants were percipient witnesses to the crimes charged in the Indictment. *See* Reply at 2:11-14. She concedes, however, that the initial purchase and installation of the equipment used to start the marijuana grow is not charged in the Indictment. *See* Reply at 6:2-4. Nevertheless, McLeod argues disclosure is relevant and helpful to her defense because "she believes she and/or her co-Defendants have had contact with one or more of the SOIs, one or more of the SOIs may harbor biases against one or more co-Defendants, and one or more SOIs may well be more involved in the alleged grow operation than would a disinterested citizen informant." Reply at 6:6-10.

**II.** **Applicable Law & Analysis.**

In *Rovario v. United States,* the Supreme Court recognized the government's qualified privilege to withhold the identity of informants. U.S. 53 (1957). The *Rovario* test is a balancing test, and it requires the court to balance the government's interest in protecting the source of information, the public's interest in protecting the flow of information, and the defendant's right to prepare his or her defense. *See United States v. Whitney*, 633 F.2d 902, 911 (9th Cir. 1980) (citing *Rovario*, 353 U.S. at

5

62). In weighing these interests, the court should consider "the crime charged, the possible defenses, the possible significance of the defendant's testimony, and other relevant factors." *Rovario*, 353 U.S. at 62. Where the informant's identity is "relevant and helpful" to the defense or is "essential to a fair determination of the case," the government's privilege to withhold that information must give way. *Id.* (citing *Rovario*, 353 U.S. at 60-61). The defendant bears the burden to show the need for disclosure. *See United States v. Marshall*, 532 F.2d 1279 (9th Cir. 1976).

Thus, to obtain disclosure, a defendant must show a need for the information and must show more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" to her defense or that will be essential to a fair trial. *U.S. v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001). "Balancing the defendant's and the government's interest, a district court must hold an in camera hearing whenever a minimal threshold showing that disclosure would be relevant to at least one defense." *Id.* (*citing U.S. v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993)) (internal quotations removed).

Here, Defendants are charged with manufacturing hashish and marijuana for sale in the home they shared. The information provided by the informants was used to initiate a law enforcement investigation and obtain two search warrants. The court finds Defendants have not met their burden because the Motion and Joinders do not establish that disclosure of the informants' identities would be relevant to at least one defense. McLeod does not identify any specific defense at all in her papers. Instead, she asserts she is "exploring potential defenses," and the informants' identities would assist with the "necessary defense investigation" and "may help Ms. McLeod in securing exculpatory evidence, and may even allow her to secure the testimony of the informant." Motion at 2:22-23, 5:24, 7:3-4. Additionally, she believes the informants have "ulterior motives" and are biased. Motion at 6:15-16. "The mere suspicion that information will prove helpful is insufficient to require disclosure." *Johnson,* 886 F.2d at 1120, 1122 (9th Cir. 1989) (citing *United States v. Buffington,* 815 F.2d 1292, 1299 (9th Cir. 1987)). McLeod's conclusory assertions do not meet the burden of establishing that the informants' identities are relevant and helpful to any specific defense or essential to a fair determination of the case.

Additionally, the government does not intend to call either informant as a witness at trial, and the information the informants provided was used to obtain the search warrants for the FLIR search and

the subsequent search of the Calverts Street residence. The informants were not involved in the crimes charged in the Indictment. The Ninth Circuit has held that there is no right to disclosure where the informant is relevant only to probable cause to search. *See United States v. Williams,* 898 F.2d 1400, 1402 (9th Cir. 1990). In *Williams,* an informant purchased cocaine from a "John Doe" at a house. The informant provided a physical description of John Doe to law enforcement. The police used this information to establish probable cause for a search warrant of the house. When officers arrived to execute the search warrant, Williams was sitting on the back porch of the house. After the search, police arrested Williams for possession of cocaine with intent to distribute. Williams moved to compel disclosure of the informant's identity to explain discrepancies between the informant's description of John Doe and Williams. The trial court denied the motion after conducting an in camera hearing. On appeal, the Ninth Circuit affirmed the trial court. It found Williams had not shown disclosure of the informant's identity would be relevant and helpful to his defense because Williams was not charged with the drug sale to the informant, the informant was not present at the charged transaction, and the informant's tip was used to get a search warrant, not to charge Williams.

Similarly, here, the Defendants are not charged with any crime arising out of their interaction with the informants. Although McLeod asserts that the informants are percipient witnesses, they are not witnesses to the crimes charged in the Indictment. As McLeod admits in the Reply, "the initial, individual purchase and installation of the alleged equipment used to facilitate marijuana cultivation is not charged conduct." Reply at 6-2-4. The information from the informants was used to get the FLIR search warrant and the search warrant to search the Calverts Street residence, not to charge the Defendants. *See Johnson,* 886 F.2d at 1122 (no disclosure where defendant not charged in drug buy with informant).

For all of these reasons,

**IT IS ORDERED** that Defendant Alison McLeod's Motion for CHS Identity (Dkt. #60) is DENIED.

Dated this 18th day of March, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

7